## McGough's Estate

*Maxwell Strawbridge* and *Harry M. Sablosky*, for petitioner.

*Leonard A. Talone* and *Morris Gerber*, for exceptants.

HOLLAND, P. J., May 31, 1941.—Decedent died on June 17, 1931, leaving a will in which, after giving certain pecuniary legacies, he disposed of the residue of his estate as follows:

"The Balance Of My Estate I give to my Wife EVA. So long as She Remains Single. If She Remarries Then

Two Thirds Of The Property Is To Revert To My Brother And Sisters Living In Equal Shares. And the other Third to my wife EvA."

He was survived by no issue or adopted children, but was survived by all the beneficiaries named in the will, including his brother, Patrick J. McGough, and his sisters, Margaret Miller and Tessie V. McGough.

Margaret Miller died September 20, 1933, intestate, without issue, and survived by her husband Harry Miller, her brother, Patrick J. McGough, and her sister, Tessie V. McGough.

Patrick J. McGough died November 7, 1938, leaving a will in which he gave all his property to his sister Tessie V. McGough.

Tessie V. McGough died November 30, 1938, leaving a will in which she gave all her property to her brother-in-law Floyd B. Shimer (the surviving husband of her sister who predeceased the testator).

William A. Moore is the administrator d. b. n. c. t. a. of the estate of Patrick J. McGough and administrator c. t. a. of the estate of Tessie V. McGough.

On July 5, 1940, the widow of decedent, Eva McGough, married one Spangler, so that her name is now Eva McGough Spangler, and, as such, she is the petitioner in this proceeding.

Upon the theory that, under the above-quoted residuary clause of the will, she took a vested interest in all the residue of real and personal estate of decedent at the time of his death, subject to be divested by her remarriage, and that, at the time of her remarriage, she retained a one-third undivided interest in said residue, and by virtue of all the brothers and sisters of decedent being dead at the time of her remarriage the other undivided two thirds of the residue could not vest in them, wherefore, he died intestate as to said two thirds, petitioner presented her petition for her allowance of $5,000 out of real estate forming part of said residue of which decedent died thus intestate, as provided by

section 2 of the Intestate Act of June 7, 1917, P. L. 429.

The real estate, from two-thirds undivided interest of which she claims her allowance, is no. 301 West Eleventh Avenue, Conshohocken, this county, and is specifically described in the petition and in the appraisement. Appraisers having been appointed, they filed their appraisement in which they appraised the entire property at $3,600, and the said undivided two-thirds interest therein at $2,400.

Floyd B. Shimer and William A. Moore, administrator d. b. n. c. t. a. of the estate of Patrick J. McGough and administrator c. t. a. of the estate of Tessie V. McGough, filed exceptions, in which they claim that the said two-thirds undivided interest in the real estate vested in the brother and two sisters of decedent, Patrick J. McGough, Margaret Miller, and Tessie V. McGough, at the death of testator, said brother and sisters having survived testator, subject to be divested by the said widow, the petitioner, dying without remarrying. By this vesting, exceptants claim that the two-thirds undivided interest passes in one-third equal shares to the ultimate beneficiaries of the estates of said decedent brother and two sisters.

The decisive question is whether the wife Eva took a vested interest in the whole property at the death of testator, subject to be divested as to a two-thirds undivided interest therein, only upon the event of her remarriage, or whether at the death of testator the brother and two sisters, who were living at that time, took a vested interest in an undivided two-thirds share therein subject to be divested by the wife Eva dying without remarrying. If the former, the alternate vesting as to the two-thirds interest in the brother and two sisters could not take place at the remarriage of the wife Eva for the reason that they were all dead at that time, and there being no provision disposing of the property in such case testator would die intestate as to said two thirds. If the latter, the two thirds having already vested in the

brother and two sisters at the death of testator, said vesting would be forever confirmed by the event of the remarriage of the wife Eva, and the same would descend in equal one-third shares to the beneficiaries of their respective estates. The determination of the question depends upon the interpretation of the residuary clause above quoted in full.

Able briefs have been presented by both petitioner and exceptants. Every case cited on both briefs is a case where the first interest given is a life interest, and, in that particular, all of these cases are unlike the case at bar, and, therefore, not controlling.

Hood's Estate, 323 Pa. 253 (1936), and Laughlin's Estate, 336 Pa. 529 (1939), cited on petitioner's brief, come nearest of any of the cited cases in applying to this case. They hold that, where the vesting of the secondary estate is dependent upon the termination of the primary or first estate, it is usually interpreted that the secondary estate does not vest until the termination of the primary estate. But there is a wider difference between all these cited cases and the case at bar.

Where a life interest is given, as in the cited cases, the event which terminates the life interest is bound to happen. The death of a life beneficiary is inevitable and must transpire sometime. Where the termination of an interest is dependent upon a remarriage, that is an event that may happen but is not inevitable. In this case the wife did remarry, but it was altogether probable that she would never remarry, and so die in her widowhood. It was an event, the happening of which was entirely within her control. It is conceded by exceptants that had Eva, the wife, died without remarrying she would have died seized of the absolute interest in the whole property. It was only her voluntary act, therefore, that gave the brother and two sisters any interest in the property whatever.

It will be noted that testator makes no mention of the life of his wife Eva. The only event he mentions, as

affecting at all the gift to her, is her remarriage. The language by which he makes the gift to her in the first place is absolute in character and the only condition he attaches to it remaining absolute is that she does not remarry. Remarriage, an event entirely within her control, is the event testator designates as at once terminating a part of the interest which he has given her and establishing the interests which he gives his brother and two sisters. Therefore, the interests of the brother and sisters are entirely dependent upon the voluntary termination of a part of the gift to the wife by her choosing to remarry. An interest that can come into existence only upon the happening of a certain event certainly cannot vest until that event happens. This is supported by Hood's Estate and Laughlin's Estate, supra.

We have only to draw the final conclusion, that the absolute interest in the entire property vested in petitioner at the time of testator's death, and, at her remarriage, she became divested of an undivided two-thirds absolute interest therein, but, the brother and two sisters of testator being at that time deceased, the said two-thirds interest could not vest in any one of them, and testator having made no disposition thereof in that event he is intestate as to said two-thirds interest.

And now, May 31, 1941, we find as a conclusion of law that petitioner, Eva McGough Spangler, remains seized in fee of an undivided one-third interest in the real estate specifically described in the petition and in the appraisement, and it is adjudged and decreed that the remaining two-thirds undivided interest be and the same is awarded to her at the valuation of $2,400 on account of her allowance under section 2 of the Intestate Act of June 7, 1917, P. L. 429.